IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, ) | |
| CENTRAL LABORERS' ANNUITY FUND, ) | |
| NORTH CENTRAL ILLINOIS LABORERS' ) | |
| HEALTH & WELFARE FUND ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | Case No. |
| ) | |
| P.A. ATHERTON CONSTRUCTION, INC. ) | |
| PATRICIA ATHERON ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, P.A. ATHERTON CONSTRUCTION, INC., and PATRICIA ATHERTON, Individually, states as follows.

### Count I – P.A. Atherton Construction, Inc.

1. This is a civil action to recover employer contributions or payments owed to the Plaintiffs pursuant to the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. 1145 and 1132.

2. Because this is an action to recover fringe benefit contributions pursuant to Sections 1145 and 1132(g)(2) of ERISA, this Court has jurisdiction over this matter pursuant to 29 U.S.C. 1132(e)(1).

3. Pursuant to 29 U.S.C. 1132(e)(2), venue is proper in this Court as the

1

administrative office for the Central Laborers' Pension Fund is in Jacksonville, Illinois, and Morgan County, which is within the Central District's boundaries.

4. The Plaintiffs are employee benefit plans as defined in 29 U.S.C. 1002(3) and are multi-employer plans as defined in 29 U.S.C.1002(37)(A).

5. The Defendant, P.A. Atherton Construction, Inc. ("P.A. Atherton") is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. 1002 (5) and (12).

6. Each of the Plaintiffs are administered pursuant to the terms and provisions of Declarations of Trusts creating said Funds and are required to be maintained and administered in accordance with the provisions of the LMRA (29 U.S.C. 186(c)), and ERISA (as amended), 29 U.S.C. §1001 *et. seq.* See Exhibit 1 for combined Trust Agreement for the Central Laborers' Pension Fund and Central Laborers' Annuity Fund; see Exhibit 2 for the Trust Agreement for the North Central Illinois Laborers' Health and Welfare Fund.

7. Pursuant to written agreements, the Central Laborers' Pension Fund is the collection agent for the other named Plaintiffs.

8. Starting on April 17, 2001, and at various times thereafter, P.A. Atherton signed participation agreements and collective bargaining agreements that required the Defendant to pay contributions to the Plaintiffs.   See Exhibit 3.

9. In October and November 2014, P.A. Atherton signed alumni non-bargaining unit participation agreements (hereafter the "Alumni Agreements") with the Central Laborers' Pension Fund, the Central Laborers Annuity Fund, and the North Central Illinois Laborers' Health & Welfare Fund. Exhibits 4-6.

10. The Alumni Agreements were for employees who had been union members and participants in the Plaintiffs' plans but who no longer performed construction work under the

collective bargaining agreements. Exhibit 6, Introductory Paragraph, Exhibit 9, P. 4, Para. 1.

11. At the time P.A. Atherton executed the Alumni Agreements for the Central Laborers' Pension and Annuity Funds, Defendant also completed an Option Form and an Employee Roster. Exhibits 7 and 8.

12. The Option Form completed by P.A. Atherton indicated the Defendant chose full time bargaining unit alumni to participate in the Central Laborers' Pension Fund (Pension Fund) and the Central Laborers' Annuity Fund (Annuity Fund). Exhibit 7, P. 1.

13. While completing the Option Form, P.A. Atherton defined "full time employees" as those employees working at least 999 hours during a calendar year. Exhibit 7, P. 1.

14. Pursuant to the Alumni Agreements for the Pension Fund and Annuity Fund, P.A. Atherton was required to pay contributions at the rates established by the collective bargaining agreements in effect in the jurisdiction of the employees' local unions. Exhibit 4, Section 3, Paragraph 1; Exhibit 5, Section 3, Paragraph 1.

15. Pursuant to the Alumni Agreements for the Pension Fund and Annuity Fund, P.A. Atherton was required to pay contributions for hourly employees for all hours for which the employee receives pay, or were entitled to receive pay, including compensation for sick time, vacation, and any other compensatory time. Exhibit 4, Section 3, Paragraph 2; Exhibit 5, Section 3, Paragraph 2.

16. Pursuant to the Alumni Agreements for the Pension Fund and Annuity Fund, P.A. Atherton was required to pay contributions for 40 hours per week for salaried employees who receive pay, or are entitled to receive pay, including compensation for sick time, vacation, and any other compensatory time. Exhibit 4, Section 3, Paragraph 3; Exhibit 5, Section 3, Paragraph 3.

17. Pursuant to the Alumni Agreements for the Pension Fund and Annuity Fund, P.A. Atherton agreed to be bound by the applicable Trust Agreements for the Pension Fund and Annuity Fund. Exhibit 4, Section 6; Exhibit 5, Section 6.

18. Pursuant to the Alumni Agreements for the Pension Fund and Annuity Fund, P.A. Atherton agreed to make contributions in accordance with Pension Fund and Annuity Funds' Non-Bargaining Unit Participation Policies and Procedures. Exhibit 4, Section 2; Exhibit 5, Section 2. See Exhibit 9 for Pension Fund and Annuity Funds' Non-Bargaining Unit Participation Policies and Procedures.

19. Pursuant to the Alumni Agreement for the North Central Illinois Laborers' Health & Welfare Fund (the "Welfare Fund"), P.A. Atherton agreed to be bound by the provisions of the Welfare Fund's Trust Agreement. Exhibit 6, Section 1.

20. Pursuant to the Alumni Agreement for the Welfare Fund, P.A. Atherton agreed to pay contributions as required under the most recent collective bargaining agreement applicable to the Defendant for bargaining unit employees. Exhibit 6, Section 6.

21. Pursuant to the Alumni Agreement for the Welfare Fund, P.A. Atherton agreed to make contributions of 40 hours per week for all employees covered under the Alumni Agreement. Exhibit 6, Section 6.

22. Pursuant to Section 1145 of ERISA: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. 1145.

23. Pursuant to the Alumni Agreements, Plaintiffs are authorized to perform audits of

P.A. Atherton's payroll records to determine the accuracy of the contributions made by the Defendant.   Exhibit 4, Section 5, Exhibit 5, Section 5, Exhibit 6, Section 5.

24. The Trust Agreements for the Plaintiffs also provide Plaintiffs with the authority to perform audits of P.A. Atherton's books and records. Exhibit 1, P. 22, Section 10, Exhibit 2, PP. 15-16, Sections 4.5 and 4.6.

25. Pursuant to the authority to conduct payroll audits, Plaintiffs performed two separate audits of P.A. Atherton's records to determine if Defendant had properly remitted contributions under its existing collective bargaining agreements and the Alumni Agreements.

26. The first audit encompassed the period of July 1, 2013 through December 31, 2016.

27. The 2013-2016 audit showed a total of $202,171.79 in contributions due to the Plaintiffs under the applicable collective bargaining agreements and the Alumni Agreements. Exhibit 10.

28. The second audit included the period from January 1, 2017 through April 30, 2018 and showed $93,556.04 in contributions due to the Plaintiffs under the applicable collective bargaining agreements and the Alumni Agreements. Exhibit 11.

29. Plaintiffs incurred costs of $1,590.00 to perform the first audit and costs of $1,270.00 to conduct the second audit. Exhibit 12.

30. The Trust Agreements for the Pension Fund and Annuity Fund impose liquidated damages of ten percent (10%) of the contributions owed.   Exhibit 1, P. 22 Section 7.

31. The Trust Agreement for the Welfare Fund imposes liquidated damages of up to twenty percent (20%) for delinquent contributions. Exhibit 2, P. 15, Section 4.4.

32. Plaintiffs have made requests to P.A. Atherton for payment of the delinquent

contributions, dues, and assessments; however, Defendant has not made any payments towards the amounts owed.   Exhibit 13.

WHEREFORE, Plaintiffs pray as follows:

A. That judgment be entered against P.A. Atherton for its breach of the applicable collective bargaining agreements, Alumni Agreements, and Trust Agreements;

B. That P.A. Atherton be held liable for the contributions owed in the amount of $202,171.79 and $93,556.04 (for a total amount of $295,727.83).

C. That P.A. Atherton be held liable for liquidated damages in the amount of $29,572.78 for liquidated damages pursuant to the Plaintiffs' Trust Agreements;

D. That P.A. Atherton be held liable in the amount of $2,860.00 in costs for the audits and audit reports prepared on behalf of the Plaintiffs pursuant to the Plaintiffs' Trust Agreements and 29 U.S.C. 1132(g)(2);

E. That P.A. Atherton be ordered to pay to the Plaintiffs its reasonable attorney's fees pursuant to the Trust Agreements and 29 U.S.C. 1132(g)(2);

F. That P.A. Atherton be ordered to pay costs related to these proceedings;

G. That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at P.A. Atherton's cost.

## Count II – Patricia Atherton

1. This is a civil action to recover employer contributions owed to the Central Laborers' Pension Fund and the Central Laborers' Annuity Fund.

2. Plaintiffs base this action on the underlying policies of the Employee Retirement Income Security Act of 1974 (ERISA) and Plaintiffs' Trust Agreement.

3. Because this is an action to recover fringe benefit contributions pursuant to

Sections 1145 and 1132(g)(2) of ERISA, this Court has jurisdiction over this matter pursuant to 29 U.S.C. 1132(e)(1).

4. Pursuant to 29 U.S.C. 1132(e)(2), venue is proper in this Court as the administrative office for the Central Laborers' Pension Fund is in Jacksonville, Illinois, and Morgan County, which is within the Central District's boundaries.

5. The Plaintiffs are employee benefit plans as defined in 29 U.S.C. 1002(3) and are multi-employer plans as defined in 29 U.S.C.1002(37)(A).

6. The Defendant, Patricia Atherton is the President of P.A. Atherton Construction, Inc. ("P.A. Atherton") which is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. 1002 (5) and (12).

7. Based on information and belief, Patricia Atherton is the sole stockholder of P.A. Atherton.

8. Patricia Atherton is responsible for the financial management of P.A. Atherton.

9. Patricia Atherton is responsible for determining payment of P.A. Atherton's liabilities.

10. Patricia Atherton is responsible for the submittal of contribution report forms and payments to the Central Laborers' Pension and Annuity Funds.

11. Each of the Plaintiffs are administered pursuant to the terms and provisions of Declarations of Trusts creating said Funds and are required to be maintained and administered in accordance with the provisions of the LMRA (29 U.S.C. 186(c)), and ERISA (as amended), 29 U.S.C. §1001 *et. seq.* Exhibit 1.

12. On November 3, 2014, Patricia Atherton signed alumni non-bargaining unit participation agreements (hereafter the "Alumni Agreements") with the Central Laborers'

Pension Fund and the Central Laborers Annuity Fund. Exhibits 4-5.

13. The Alumni Agreements were for employees who had been union members and participants in the Plaintiffs' plans but who no longer performed construction work under the collective bargaining agreements.   See e.g. Exhibit 9, 2007 Policies and Procedures, P. 4, Para. 1, 2017 Policies and Procedures, P.4, Section 2.

14. At the time P.A. Atherton executed the Alumni Agreements for the Central Laborers' Pension and Annuity Funds, Defendant also completed an Option Form and an Employee Roster. Exhibits 7 and 8.

15. The Option Form completed by P.A. Atherton indicated the Defendant chose full time bargaining unit alumni to participate in the Central Laborers' Pension Fund (Pension Fund) and the Central Laborers' Annuity Fund (Annuity Fund). Exhibit 7, P. 1.

16. While completing the Option Form, P.A. Atherton defined "full time employees" as those employees working at least 999 hours during a calendar year. Exhibit 7, P. 1.

17. Pursuant to the Alumni Agreements for the Pension Fund and Annuity Fund, P.A. Atherton was required to pay contributions at the rates established by the collective bargaining agreements in effect in the jurisdiction of the employees' local unions. Exhibit 4, Section 3, Paragraph 1; Exhibit 5, Section 3, Paragraph 1.

18. Pursuant to the Alumni Agreements for the Pension Fund and Annuity Fund, P.A. Atherton was required to pay contributions for hourly employees for all hours for which the employee receives pay, or were entitled to receive pay, including compensation for sick time, vacation, and any other compensatory time.   Exhibit 4, Section 3, Paragraph 2; Exhibit 5, Section 3, Paragraph 2.

19. Pursuant to the Alumni Agreements for the Pension Fund and Annuity Fund, P.A.

Atherton was required to pay contributions for 40 hours per week for salaried employees who receive pay, or are entitled to receive pay, including compensation for sick time, vacation, and any other compensatory time. Exhibit 4, Section 3, Paragraph 3; Exhibit 5, Section 3, Paragraph 3.

20. Pursuant to the Alumni Agreements for the Pension Fund and Annuity Fund, P.A. Atherton agreed to be bound by the applicable Trust Agreements for the Pension Fund and Annuity Fund. Exhibit 4, Section 6; Exhibit 5, Section 6.

21. Pursuant to the Alumni Agreements for the Pension Fund and Annuity Fund, P.A. Atherton agreed to make contributions in accordance with Pension Fund and Annuity Funds' Non-Bargaining Unit Participation Policies and Procedures. Exhibit 4, Section 2; Exhibit 5, Section 2. See Exhibit 9 for Pension Fund and Annuity Funds' Non-Bargaining Unit Participation Policies and Procedures.

22. The Trust Agreements for the Pension Fund and Annuity Fund states as follows:

Where an audit discloses a difference between the hours actually worked by an employee and hours reported to the Trust by his Employer and where such audit discloses any willful violation of any requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct. Nothing herein shall prevent personal liability for owners or partners who are not otherwise incorporated. Exhibit 1, P. 21, Section 3, Para. 3.

23. Patricia Atherton completed report forms and had personal knowledge of the report forms submitted to the Pension Fund and Annuity Funds pursuant to collective bargaining agreements and the Alumni Agreements.

24. Patricia Atherton completed a Non-Bargaining Unit Participation Option Form in which she selected full time bargaining unit alumni employees to participate in the Pension and

9

Annuity Funds. Exhibit 7.

25. On the Option Form, Patricia Atherton indicated any bargaining unit alumni employee would qualify as a full-time employee if they worked 999 hours in a year.   Exhibit 7.

26. Patricia Atherton completed an Employee Roster listing Dwayne Atherton as a bargaining unit alumnus who worked 40 hours per week.

27. Patricia Atherton and Dwayne Atherton are married to each other.

28. On the same Employer Roster, Patricia Atherton listed Louie Atherton as a salaried employee who worked 30 hours per week as a salaried employee earning $2,280 per week.

29. Patricia Atherton did not identify Louie Atherton as a bargaining unit alumnus on the Roster Form, however, Louie Atherton qualified as a bargaining unit alumnus because he previously had contributions made on his behalf to the Plaintiffs.   Exhibit 9, P. 2.

30. Louie Atherton is the brother-in-law of Patricia Atherton and the brother of Dwayne Atherton.

31. Plaintiffs had two audits completed that reviewed payroll records and contributions due under the collective bargaining agreements and the Alumni Agreements signed by Patty Atherton.

32. The first audit included the period of July 1, 2013 through December 31, 2016. Exhibit 10.

33. The 2013-2016 audit, completed on June 14, 2017, showed a total of $202,171.79 in contributions due to the Plaintiffs under the applicable collective bargaining agreements and the Alumni Agreements. Exhibit 10.

34. Within the first audit report, $156,759.20 of the total amount of contributions

owed are attributable to delinquent contributions for Dwayne Atherton and Louie Atherton pursuant to the Alumni Agreements for the Pension Fund and Annuity Fund. Exhibit 10, P. 5, P. 17, P. 21.

35. The second audit, completed on September 4, 2018, included the period from January 1, 2017 through April 30, 2018 and showed $93,556.04 in contributions due to the Plaintiffs under the applicable collective bargaining agreements and the Alumni Agreements. Exhibit 11.

36. Within the second audit report, $79,599.20 of the total amount of contributions owed are attributable to delinquent contributions for Dwayne Atherton and Louie Atherton pursuant to the Alumni Agreements for the Pension Fund and Annuity Fund. Exhibit 11, P. 4, P. 8, P. 11.

37. The two audit reports showed Patricia Atherton failed to pay any contributions for Louie Atherton to the Pension and Annuity Funds after the Alumni Agreements were signed on November 3, 2014.

38. Except for contributions paid in April 2015, the audit reports showed Patricia Atherton failed to pay contributions for Dwayne Atherton to the Pension and Annuity Funds after the Alumni Agreements were signed on November 3, 2014.

39. For the two audit reports combined, $236,358.40 of the total amount of contributions owed are attributable to delinquent contributions for Dwayne Atherton and Louie Atherton pursuant to the Alumni Agreements for the Pension Fund and Annuity Fund.

40. In contrast, P.A. Atherton owed $2,600.59 in contributions pursuant to the collective bargaining agreements for the period of July 1, 2013 through December 31, 2016; and it owed $4,756.71 in contributions pursuant to the collective bargaining agreements for the

period of January 1, 2017 to April 30, 2018.   See Exhibit 10, P 5, P. 10, P. 14, Exhibit 11, P.4, P. 13, P. 15, and P. 18,

41. Patricia Atherton's failure to pay contributions required by the Alumni Agreements for Dwayne Atherton and Louie Atherton was a willful violation of the Trust Agreements because she knowingly, intentionally, and voluntarily decided to withhold payments due for Dwayne Atherton and Louie Atherton that were required by the Alumni Agreements and the Option Form she voluntarily signed in November 2014.

42. Patricia Atherton's failure to pay contributions for Dwayne Atherton and Louie Atherton to Pension Fund and Annuity Fund shows a reckless disregard for the obligations she entered into on behalf of P.A. Atherton.

43. Accordingly, as the sole shareholder and officer of P.A. Atherton, and as the officer responsible for submitting report forms and payments to the Pension Fund and Annuity Fund, Patricia Atherton should be held personally liable for her willful violations of the Trust Agreements and the Alumni Agreements.

44. Patricia Atherton is also liable under the Trust Agreements to the Pension Fund and the Annuity Fund for the "collection costs" related to this cause of action including court costs, attorney's fees, and all reasonable costs incurred by the Trustees in the course of the collection process.   Exhibit 1, P. 22, Section 9.

WHEREFORE, Plaintiffs pray as follows:

A. That judgment be entered against Patricia Atherton for the willful violation of the Trust Agreements and Alumni Agreements;

B. That Patricia Atherton be held liable for the contributions owed in the amount of $156,759.20 and $79,599.20 (for a total amount of ($236,358.40).

  C. That Patricia Atherton be ordered to pay to the Plaintiffs its reasonable attorney's fees pursuant to the Trust Agreements and 29 U.S.C. 1132(g)(2);

  D. That Patricia Atherton be ordered to pay costs related to these proceedings;

  E. That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Patricia Atherton's cost.

          CENTRAL LABORERS' PENSION FUND, *et al.*,
          Plaintiffs,

     By:   s/ John A. Wolters
          JOHN A. WOLTERS
          **CAVANAGH & O'HARA LLP**
          2319 W. Jefferson Street
          Springfield, IL 62702
          Telephone (217) 544-1771
          Fax (217) 544-9894
          johnwolters@cavanagh-ohara.com